**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-4877

HERBERT WAKEFIELD, III,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-96-710)

Submitted: April 30, 1998

Decided: June 5, 1998

Before WIDENER and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Harold Watson Gowdy, III, OFFICE
OF THE UNITED STATES ATTORNEY, Greenville, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Herbert Wakefield, III, appeals his sentences imposed upon a guilty plea to using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1994), and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). Wakefield's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that in his view there are no meritorious grounds for appeal. Wakefield was informed of his right to file a supplemental brief, but he failed to do so. For the reasons that follow, we affirm.

At the time of the sentencing hearing, Wakefield was currently serving a state prison sentence. Counsel requested that the court exercise its discretion and order that any sentences imposed for the instant offenses run concurrently with the state prison term already being served. Consistent with the Presentence Investigation Report (PSR), the district court set Wakefield's offense level at 29, and sentenced him to 60 months' imprisonment on count III, and 151 months' imprisonment on count IV, resulting in a total prison term of 211 months. The court ordered the 211-month sentence to run consecutively to Wakefield's state sentence.

Wakefield's counsel raises the issue of whether the district court fully complied with Fed. R. Crim. P. 11 in accepting Wakefield's guilty plea. Following a de novo review of the entire record, we conclude that the district court complied with all the mandates of Rule 11 in accepting Wakefield's guilty plea.

Wakefield's counsel also raises the issue of whether the district court abused its discretion in applying U.S. Sentencing Guidelines Manual § 5G1.3(c) (1997), when it ordered the federal sentences to run consecutively to the state prison term Wakefield was already serv-

2

ing. See United States v. Puckett, 61 F.3d 1092, 1097 (4th Cir. 1995) (noting that district court's decision to impose sentence consecutively or concurrently is reviewed for abuse of discretion). Our review of the sentencing hearing transcript reveals that the district court properly considered the factors set forth in 18 U.S.C.A.§ 3584 (1994) (referencing 18 U.S.C.A. § 3553(a) (1994)), and that it was fully cognizant of the four enumerated factors set forth in USSG§ 5G1.3(c), comment. (n.3). See United States v. Johnson, ___ F.3d ___, 1998 WL 89376 (4th Cir. Mar. 4, 1998) (Nos. 96-4541, 97-4596). Accordingly, the district court did not abuse its discretion in ordering Wakefield's sentences to run consecutively with his previously-imposed state sentence.

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Because the record discloses no reversible error, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED