UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 00-4112

MICHAEL A. MUNCY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-98-21)

Submitted: August 22, 2000

Decided: September 18, 2000

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Yvonne V. Watford-
McKinney, Assistant United States Attorney, Raleigh, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Allen Muncy appeals the district court's order revoking his term of supervised release and imposing a sentence of twenty-four months. Muncy raises three issues on appeal: (1) the district court erred by sentencing him to a twenty-four-month term of incarceration; (2) the district court erred by failing to demonstrate on the record its consideration of the factors outlined in 18 U.S.C.A.§ 3553(a) (West Supp. 2000); and (3) the district court erred by not stating its reasons for the twenty-four-month sentence. Finding no reversible error, we affirm.

Muncy first contends that his sentence of twenty-four months is in error because a sentence within the advisory guidelines range of six to twelve months was adequate since he faced the possibility of additional punishment from the United States Parole Commission. We disagree and find that the district court did not abuse its discretion when sentencing Muncy to twenty-four months of incarceration. See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995) (stating standard of review). First, the sentencing guidelines range calculated under U.S. Sentencing Guidelines Manual§ 7B1.4(a) (1998) is purely advisory. See Davis, 53 F.3d at 642. Second, Muncy's sentence did not exceed the statutory parameters as the twenty-four-month sentence is the statutory maximum. See 18 U.S.C.A. § 3583(e) (West 1994 & Supp. 2000). Finally, Muncy admitted committing all five violations of the conditions of his supervised release as charged, one of which involved absconding from supervision to the extent that the probation officer did not know Muncy's whereabouts for nearly six months.

Muncy next contends that the district court erred when pronouncing sentence because it failed to demonstrate on the record its consideration of § 3553(a)'s factors as noted by 18 U.S.C.A. § 3583(e).

2

Because Muncy failed to raise this issue before the district court, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Four conditions must be met before this Court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning that the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. See Olano, 507 U.S. at 733-37. We find that the district court's failure to expressly state its consideration of § 3553(a)'s factors does not constitute plain error. Unless some contrary indication exists, this court presumes in non-departure cases that a district court properly considered the pertinent statutory factors. See United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); see also United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).* Because a sentence above the advisory guidelines range does not constitute a departure, see Davis, 53 F.3d at 642 n.15, this presumption applies in Muncy's case unless contrary indications exist. Here, the record does not reveal any such indications.

Finally, Muncy contends that the district court erred by failing to adequately state its reason for sentencing him above the advisory guidelines range. Again, because Muncy failed to raise this issue below, our review is limited to plain error. See Fed. R. Crim. P. 52(b); Olano, 507 U.S. at 731-32. Here, we find that the district court's alleged inaction was not plain error warranting correction. Even if we were to assume that the district court did not adequately state its reason for Muncy's sentence and that this failure constituted an error that is plain, the failure did not prejudice Muncy's substantial rights because it did not affect the outcome of the proceedings. See Olano, 507 U.S. at 734-35. Moreover, Muncy makes no attempt to show how this alleged error seriously affects the fairness, integrity, or public reputation of judicial proceedings. See id. at 735-36.

_____

*Although Muncy cites United States v. McClellan , 164 F.3d 308 (6th Cir. 1999), in support of his argument, to the extent McClellan conflicts with Johnson and Davis, Johnson and Davis govern. See Busby v. Crown Supply, Inc., 896 F.2d 833, 840-41 (4th Cir. 1990).

3

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4