UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

HAROLD L. WRIGHT,
          *Defendant-Appellant.*

No. 00-4239

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-97-219)

Submitted: October 26, 2000

Decided: November 20, 2000

Before WILKINS, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Carmina Szunyog Hughes, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Harold L. Wright was convicted by a jury of two counts of carjacking, 18 U.S.C.A. § 2119 (West Supp. 2000), for which he was sentenced to fifteen years on count one and twenty-five years on count three. We vacated and remanded for resentencing in light of the Supreme Court's decision in *Jones v. United States*, 526 U.S. 227 (1999). On remand, the district court re-sentenced Wright to 180 months imprisonment on each count, followed by concurrent three-year terms of supervised release. Wright appeals.

Wright's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing whether: (1) the carjacking statute is unconstitutional as applied to him; (2) the maximum term of imprisonment that could be imposed on both counts is fifteen years; (3) he should be sentenced under an earlier version of the guidelines; and (4) the offense level under *U.S. Sentencing Guidelines Manual* § 2B3.1 (1997) should not be increased for serious bodily injury or physical restraint. Counsel concedes, however, that there are no meritorious issues for appeal. Wright has filed a supplemental pro se brief in which he essentially restates his attorney's claims.

Wright first claims that 18 U.S.C. § 2119, as applied to his case, is an unconstitutional exercise of Congress' authority under the commerce clause because there was no evidence that he crossed state lines or that the cars were taken for a commercial purpose. However, this court has held that § 2119 is a constitutional exercise of Congress' commerce power. *See United States v. Cobb*, 144 F.3d 319 (4th Cir. 1998).

Next, Wright asserts that, under *Jones*, the maximum *combined* term of imprisonment for both counts was fifteen years. However, he was convicted of two separate offenses under § 2119, each punishable by up to fifteen years imprisonment. And the district court has discretion to choose either concurrent or consecutive terms of imprisonment. *See United States v. Johnson*, 138 F.3d 115 (4th Cir. 1998).

Third, Wright claims that he should have been re-sentenced under the November 1996 version of the guidelines (which were in effect at the time of the offenses), rather than the November 1997 version. However, Wright's sentence was unaffected because his combined offense level was 32 and his criminal history category VI under either version of the guidelines.

Finally, Wright challenges, under *Jones*, the four-point enhancement he received for serious bodily injury, *see* USSG § 2B3.1(b)(3)(B) (count three), and the two-point enhancement for physical restraint, USSG § 2B3.1(b)(4)(B) (count one). The enhancements Wright received did not increase the statutory maximum sentence. Therefore, *Jones* does not apply. *See Jones*, 526 U.S. at 243 n.6 (holding that any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt). *See also United States v. Aguayo-Delgado*, 220 F.3d 926 (8th Cir. 2000) (holding that a judge-found fact may permissibly alter a defendants sentence so long as it is within the range allowed by statute). Moreover, we find that the evidence presented at Wright's trial supported both enhancements.

In accordance with the requirements of *Anders*, we have examined the entire record in this case and find no meritorious issues for appeal. Accordingly, we affirm Wright's sentence and deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*