**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 03-4767

DAWN DEMPSY SUTTON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-90-218-G)

Submitted: March 5, 2004

Decided: March 23, 2004

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dawn Dempsy Sutton appeals from the revocation of his super-vised release. At the revocation hearing, Sutton admitted the violations. The district court departed from the recommended guideline range of twenty-one to twenty-four months and imposed a twelve-month term of imprisonment, to be followed by thirty months of supervised release. Sutton timely appeals. On appeal, his attorney has filed an *Anders** brief, raising two issues: (1) whether the district court erred by originally imposing a five-year term of supervised release and (2) whether the district court erred by imposing an additional term of supervised release upon revocation. Sutton has filed a pro se supplemental brief, further discussing the issues raised by counsel.

Sutton first argues that the supervised release term in his original sentence was an erroneous application of the applicable statutes and guidelines. However, this question is not properly before us. In an appeal from the revocation of supervised release, we lack jurisdiction to examine the sentencing proceeding in which the term of supervised release was imposed. *See United States v. Johnson*, 138 F.3d 115, 117-18 (4th Cir. 1998). If Sutton found the supervised release term to be objectionable, he should have raised this claim in his direct appeal. Consequently, we decline to review the merits of this challenge.

Sutton next contends that the district court lacked the authority to impose another term of supervised release upon the revocation of his original term. Although 18 U.S.C. § 3583(h) (2000) explicitly permits the imposition of such a term, Sutton asserts that the 1994 amendments to § 3583(h) should not apply to him, as his original offense was committed in 1990. While the Supreme Court agreed that § 3583(h) does not apply retroactively in *Johnson v. United States*, 529 U.S. 694 (2000), the Court held that imposition of supervised release following reimprisonment was authorized by the former 18 U.S.C. § 3583(e) (1994). *Johnson*, 529 U.S. at 702-03, 713. Because

---

*Anders v. California*, 386 U.S. 738 (1967).

the statute in effect at the time of Sutton's offenses permitted a sentencing court, upon the revocation of supervised release, to impose a sentence of imprisonment followed by an additional term of supervised release, the district court's sentence in this case was proper.

In accordance with the requirements of *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Sutton's conviction and sentence. We deny Sutton's motion to stay the appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*