**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

FERNANDO LOPEZ-MENDEZ,
*Defendant-Appellant.*

No. 03-4691

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

FERNANDO LOPEZ-MENDEZ,
*Defendant-Appellant.*

No. 03-4716

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-03-99; CR-99-156)

Submitted: February 19, 2004

Decided: April 6, 2004

Before MOTZ, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellee. Angela Hewlett Miller, OFFICE OF

THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In these consolidated appeals, Fernando Lopez-Mendez, a native and citizen of Mexico, appeals his consecutive sentences of forty months' imprisonment on his guilty plea to illegal re-entry after having been convicted of and deported for an aggravated felony in violation of 8 U.S.C. § 1326 (2000) (No. 03-4691) and twelve months' imprisonment on the district court's revocation of his supervised release on a prior conviction (No. 03-4716). Lopez-Mendez's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal but raising the issue of whether the sentences imposed under the United States Sentencing Guidelines were both improperly harsh. Counsel also notes the district court imposed consecutive sentences despite counsel's request for concurrent sentences. Lopez-Mendez has been informed of his right to file a pro se supplemental brief but has not done so. Finding no meritorious issues and no error by the district court, we affirm both judgments.

After serving his prison term on his prior conviction, Lopez-Mendez was deported for the second time on May 29, 2002. In October 2002, during his period of supervised release, Lopez-Mendez returned to the United States in violation of his supervised release conditions. Lopez-Mendez pled guilty to violating 8 U.S.C. § 1326, which is punishable by a prison term of up to twenty years, and also admitted violating his supervised release conditions on his prior conviction. After determining that his guideline range for the new charge was thirty-seven to forty-six months' imprisonment, the district court

sentenced him to forty months. On the revocation of supervised release, the district court sentenced Lopez-Mendez to twelve months' imprisonment to run consecutively to the forty-month term. The twelve-month term was within both the range of eight to fourteen months applicable under *U.S. Sentencing Guidelines Manual* ("USSG") § 7B1.4 (2002) and the two-year limit prescribed under 18 U.S.C. § 3583(e)(3) (2000).

No objection or error has been raised, either in the district court or on appeal, regarding the district court's application of the sentencing guidelines; nor has our review of the record revealed any such error. Because a criminal defendant is precluded from seeking review of a sentencing court's discretion in setting a sentence anywhere within a properly calculated sentencing range, *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994), Lopez-Mendez's challenge to his sentence on the new conviction as unfairly harsh is not reviewable on appeal.

The district court's decisions to impose a twelve-month prison term upon revocation of Lopez-Mendez's supervised release and to run this sentence consecutively to his other sentence are reviewed for abuse of discretion. *See United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995); *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995). In exercising this discretion, the district court must consider any applicable guidelines or policy statements as well as the other factors set forth in 18 U.S.C. § 3553(a) (2000). *See* 18 U.S.C. § 3584(b) (2000); *United States v. Johnson*, 138 F.3d 115, 119 (4th Cir. 1998) ("We presume in non-departures, unless some contrary indication exists, that a district court properly considered the pertinent statutory factors.").

The probation officer petitioning for revocation of Lopez-Mendez's supervised release recommended he be sentenced at the high end of the applicable range based on his pattern of re-entry into the United States, and furthermore, that an even higher sentence might be warranted under USSG § 7B1.4 n.4, because his original sentence had included a downward departure. While the district court exercised its discretion not to impose sentences at the highest end of the guideline and policy ranges, it properly considered Lopez-Mendez's disobedience of the court's prior order when ordering his

twelve-month sentence to run consecutively to his primary sentence. This was also consistent with the clear policy under USSG § 7B1.3 that any sentence imposed upon revocation of supervised release run consecutively to any sentence for the conduct that was the basis of the revocation of supervised release. *See United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996).

In accordance with *Anders*, we have reviewed the entire record in these appeals and have found no meritorious issues for appeal. We therefore affirm Lopez-Mendez's conviction and sentence in No. 03-4691 and his revocation of supervised release and sentence in No. 03-4716.

Lopez-Mendez's attorney has also filed a motion for leave to withdraw as counsel. This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may, at that time, move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We therefore deny counsel's present motion for leave to withdraw as counsel, with leave to re-file such motion at the appropriate time.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*