**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4952**

---

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　　　Plaintiff - Appellee,

　　　versus

JAMIE BROWN,

　　　　　　　　　　　　　　　　　　　Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (CR-04-1020)

---

Submitted:  January 31, 2006　　　Decided:  February 15, 2006

---

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Jill E. M. HaLevi, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Jonathan S. Gasser, United States Attorney, Brent Alan Gray, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jamie Brown appeals his twelve month and one day sentence imposed after his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2000). Brown contends that the sentence imposed by the district court was not reasonable. Finding no merit to his claim, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, however, sentencing courts are still required to calculate and consider the Guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. Further, this court has stated that, "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).

The district court imposed a sentence within the advisory Guideline range and below the statutory maximum for the offense.[*] Furthermore, nothing in the record reveals that the district court did not properly consider the relevant factors under 18 U.S.C.A. § 3553(a). See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"); cf. United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998) (noting, in a pre-Booker sentencing challenge, that "[w]e presume in non-departures, unless some contrary indication exists, that a district court considered the pertinent statutory factors."). Brown identifies no persuasive reason why the sentence imposed was not reasonable. Hughes, 401 F.3d at 546-47 (noting after Booker, sentencing courts should calculate the Guideline range, consider the other factors under § 3553, and impose a reasonable sentence within the statutory maximum).

Accordingly, we affirm Brown's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]The statutory maximum sentence under § 924(a)(2) for a § 922(g) violation is ten years in prison.

- 3 -