PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4541

KEITH BERNARD JOHNSON, a/k/a Bonji
Denard Crane,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 97-4596

KEITH BERNARD JOHNSON, a/k/a Bonji
Denard Crane,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-93-268-P, CR-93-29-P)

Argued: December 5, 1997

Decided: March 4, 1998

Before WILLIAMS, Circuit Judge, WILSON, Chief United States
District Judge for the Western District of Virginia, sitting by
designation, and MORGAN, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Chief Judge Wilson wrote the opinion, in which Judge Williams and Judge Morgan joined.

_____

**COUNSEL**

**ARGUED:** Thomas Norman Cochran, FEDERAL PUBLIC DEFENDER'S OFFICE, Greensboro, North Carolina, for Appellant. Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee. **ON BRIEF:** William E. Martin, Federal Public Defender, John Stuart Bruce, Deputy Federal Public Defender, Greensboro, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Charlotte, North Carolina, for Appellee.

_____

**OPINION**

WILSON, Chief District Judge:

Keith Bernard Johnson appeals the revocation of his supervised release and the resulting consecutive sentences imposed by the court based on two separate convictions, one for producing counterfeit birth certificates in violation of 18 U.S.C. § 1028 and the other for failing to surrender for service of his sentence in violation of 18 U.S.C. § 3146(a)(2).[1] Johnson makes three arguments. First, Johnson maintains that, when it initially sentenced him, the district court improperly required drug screening, made inadequate findings concerning his ability to pay a fine and the costs of court-appointed counsel, and unconstitutionally delegated the fine payment schedule to the probation office. Second, Johnson argues that the district court improperly imposed consecutive sentences when it revoked his supervised release. Third, he contends that the district court could not reimpose the balance of the fine and costs of court-appointed counsel in the written judgment order revoking his supervised release after it failed to reimpose them in open court. We find that the proper time for Johnson to have challenged the district court's drug screening order

_____

[1] Johnson was indicted for, and pleaded guilt to, violating § 1028 under the name Bonji Denard Crane.

2

and the imposition of the fine and costs of court-appointed counsel would have been in the appeal of the judgment of conviction rather than in this appeal of the district court's revocation order, that the district court properly imposed consecutive sentences, and that the district court did not err when it reimposed Johnson's fine and reimbursement obligation. Accordingly, we affirm.

I.

In April 1993, Johnson pled guilty in the United States District Court for the Western District of North Carolina (Case No. 3:93CR-29-01, hereinafter "CR-29") to producing counterfeit birth certificates in violation of 18 U.S.C. § 1028(a)(1). The court sentenced Johnson to five months imprisonment and three years of supervised release, and assessed a $500 fine to be paid on an installment schedule prepared by the probation office. The district court also imposed the standard conditions of supervised release as well as various special conditions, including drug screening as directed by the probation office, the payment of unpaid fines, and reimbursement for the costs of court-appointed counsel. Johnson did not appeal.

After Johnson failed to surrender for service of his sentence, the grand jury indicted him (Case No. 3:93CR-268, hereinafter "CR-268") for violating 18 U.S.C. § 3146(a)(2).[2] A jury found Johnson guilty, and the court sentenced him to sixteen months imprisonment, to run consecutively with his earlier sentence, and two years of supervised release. The court also imposed the standard conditions of supervised release and various special conditions, including drug screening as directed by the probation office, the payment of unsatisfied fines, and the maintenance of lawful employment. Johnson appealed on several grounds. He did not raise any of the grounds he raises in this appeal. This court affirmed in part and remanded with instructions to consider, under 28 U.S.C. § 2255, an ineffective assistance of counsel claim raised by Johnson in the appeal.

_____

**2** Section 3146(a)(2) states: "Whoever, having been released under this chapter knowingly . . . fails to appear before a court as required by the conditions of release . . . shall be punished as provided in [§ 3146(b)]." 18 U.S.C. § 3146(a)(2).

Johnson did not fare well on supervised release. Most pertinent to this appeal, Johnson refused to work, falsified work records, made no discernible serious effort to pay his fine, and failed to submit to drug screening on eight occasions. Predictably, the probation office petitioned the court to revoke Johnson's supervised release in both CR-29 and CR-268. At the July 1996 revocation hearing, the district court found that Johnson had violated five of the special conditions of his supervised release in CR-29, including the special condition that Johnson submit to drug screening and the special condition that Johnson pay his fine. The district court also found violations of two of the special conditions of Johnson's supervised release in CR-268, the special condition that Johnson submit to drug screening and the special condition that Johnson maintain lawful employment. The court revoked Johnson's supervised release in each case and sentenced Johnson to consecutive terms of imprisonment, eleven months in CR-29 and ten months in CR-268.

The court entered its written revocation orders on July 15, 1996, imposing the consecutive terms of imprisonment. Additionally, the revocation order in CR-29 noted: "[b]alance of CAC will remain in effect pursuant to SRT Violation Hearing July 1, 1996" and "[f]ine will remain in effect pursuant to SRT Violation Hearing held July 1, 1996." The court did not reimpose supervised release.

II.

We conclude that we lack jurisdiction over Johnson's first argument challenging various special conditions of his supervised release. Rule 4 of the Rules of Appellate Procedure requires the defendant to file his notice of appeal "within 10 days after the entry either of the judgment or order appealed from, or a notice of appeal by the Government." Fed. R. App. P. 4(b). The district court imposed the challenged special conditions in CR-29 in July 1993, and in CR-268 in March 1994. If Johnson found those conditions objectionable, he should have raised his objections in a timely appeal of that initial sentence. An appeal from the revocation order will not suffice. See United States v. Nolan, 932 F.2d 1005, 1007 (1st Cir. 1991); United v. Stine, 646 F.2d 839, 844-45 (3d Cir. 1981). **3** Consequently, we

_____

**3** In United States v. Taylor , this court permitted the defendant to challenge the revocation of his probation for non-payment of his fine despite

4

decline to review the merits of Johnson's challenges to the special conditions of supervised release imposed by the initial judgements of conviction.**4**

III.

Johnson argues that 18 U.S.C. § 3624(e) and Chapter 7 of the Sentencing Guidelines do not authorize consecutive sentences for "simultaneous violations of supervised release," and that, even if they do authorize consecutive sentences, the district court abused its discretion when it failed to explain why it imposed them. In arguing that § 3624(e) precludes consecutive sentences, Johnson makes essentially the same argument rejected by the Eighth Circuit in United States v. Cotroneo, 89 F.3d 510, 512-13 (8th Cir.), cert. denied, 117 S. Ct. 533 (1996), an argument we also reject. According to that argument, because the plain language of § 3624(e) requires terms of supervised release to run concurrently, terms of imprisonment following revocation also must run concurrently.**5**See Cotroneo, 89 F.3d at 513. We also reject Johnson's contention that the district court abused it discretion by not demonstrating on the record that it had considered the rel-

_____

his failure, in an earlier appeal, to challenge the fine based on his inability to pay. See 321 F.2d 33, 341-42 (4th Cir. 1963). Taylor is clearly distinguishable. In that case, the defendant did not challenge the imposition of his fine. See id. Instead, he challenged the propriety of the revocation based upon his failure to pay a fine he allegedly was unable to pay. See id. (noting that the defendant's challenge was based "upon his impecunious state in 1963 when defaulting, not in 1961 when probationed").

**4** The government contends that the mandate rule precludes these challenges. Unless there are exceptional circumstances, the mandate rule precludes relitigation of issues expressly or impliedly decided on appeal or waived because not presented in the district court. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). However, because we conclude that we are without jurisdiction, we do not address this contention.

**5** Section 3624(e) provides that"[t]he term of supervised release . . . runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release." 18 U.S.C. § 3624(e).

5

evant factors under 18 U.S.C. § 3553(a) when sentencing Johnson. We address Johnson's arguments in turn.

A.

We reject Johnson's contention that § 3624(e) controls the imposition of terms of imprisonment upon revocation of supervised release. Its plain language lends no support for the notion that it governs anything other than "[s]upervision after release." See 18 U.S.C. 3624(e). Instead, § 3584, which governs "[m]ultiple sentences of imprisonment" and which is not limited by its language to terms of imprisonment imposed in the initial judgment of conviction, controls. See 18 U.S.C. § 3584. According to § 3584(a),"[i]f multiple terms of imprisonment are imposed on a defendant at the same time, . . . the terms may run concurrently or consecutively." 18 U.S.C.§ 3584(a). United States v. Cotroneo is instructive.

In Cotroneo, the defendant was serving concurrent terms of supervised release for credit card fraud and escape. See 89 F.3d at 513. The district court revoked the defendant's supervised release and sentenced him to twenty-four months consecutive imprisonment on each conviction. See id. at 512. The defendant appealed and made the same argument Johnson makes here. See id. at 512-13. The Eighth Circuit concluded that "[b]ecause § 3584(a) is not limited, in terms, to the imposition of sentence at the conclusion of trial (as distinguished from the imposition of sentence after revocation of a defendant's supervised release) . . . the District Court retains discretion to impose either concurrent or consecutive sentences after revocation of a defendant's supervised release." Id. at 513. In contrast, the court continued, § 3624(e) "governs the trial court's initial imposition of terms of supervised release, not its subsequent sentencing discretion upon revocation of that supervised release." Id. Accordingly, the Eighth Circuit held that § 3624(e) does not preclude consecutive terms of imprisonment upon revocation of supervised release. See id. Instead, the court concluded, "§ 3584(a) allow[s] the District Court to impose consecutive rather than concurrent sentences upon revocation of . . . concurrent terms of supervised release." Id. We agree. Accordingly, we hold that the district court had the authority to impose consecutive sentences upon Johnson when it revoked his supervised release.

6

B.

Section 3584(a) gives district courts discretion in choosing concurrent or consecutive terms of imprisonment. See 18 U.S.C. § 3584(a). In exercising that discretion, § 3584(b) directs only that sentencing courts consider the factors set forth in § 3553(a). See 18 U.S.C. § 3584(b). Those factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of sentences available; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.[6]

_____

[6] The sentencing court's discretion is necessarily proscribed in part, however, in order to implement "the statutory mandate to the Sentencing Commission to promulgate guidelines to be used by courts in determining whether to sentence concurrently or consecutively." United States v. Rogers, 897 F.2d 134, 137 (4th Cir. 1990). USSG§ 5G1.3 directs that some sentences run consecutively. We have reconciled this guideline with § 3584(a) by applying a departure analysis. See Rogers, 897 F.2d at 137. For example, if the district court follows the appropriate procedures for departing and properly justifies its departure, the district court may exercise its discretion and depart to impose a concurrent sentence when a consecutive sentence is called for by the guidelines. See id.

The advisory Chapter 7 policy statements of the guidelines apply to the revocation of supervised release. They also specify circumstances under which sentences imposed upon revocation should run concurrently or consecutively. A close reading of the pertinent provisions--USSG § 7B1.3(f), Application Note 4, and the "Introductory Commentary" to Chapter 7 (1995 Guidelines Manual)--reveals no official policy favoring or disfavoring running terms of imprisonment, resulting from terms of supervised release that are revoked together, consecutively to each other. This is in contrast to the clear policy that "any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation," or that a sentence imposed upon revocation be run consecutively to an undischarged term of imprisonment. USSG § 7B1.3, comment. (n.4) (emphasis added); see United States v. Puckett, 61 F.3d 1092, 1098 (4th Cir. 1995).

7

See 18 U.S.C. § 3553(a). We presume in non-departures, unless some contrary indication exists, that a district court properly considered the pertinent statutory factors.

Statutory changes and the sentencing guidelines have dramatically altered the sentencing landscape. Congress never intended, however, for sentencing to become a hyper-technical exercise devoid of common sense. The district court heard each of these cases (a plea in one and a jury trial in the other); reviewed a presentence report in each case before initially sentencing Johnson; had the benefit of the two petitions to revoke Johnson's supervised release and the supervised release revocation reports recommending consecutive sentences; at the revocation hearing, patiently listened to testimony of Johnson's obstinacy, to Johnson's counsel, and to Johnson during allocution; and, finally, imposed a sentence that is consistent with the guidelines and policy statements. We are convinced that the district court properly considered the nature and circumstances of Johnson's offense, his criminal history, and all other relevant factors when it sentenced Johnson to consecutive terms of imprisonment. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (sentencing court need not engage in a "ritualistic incantation in order to establish its consideration of a legal issue"). Like the Eighth Circuit, we do not believe that a district court errs when it fails "to explain a revocation sentence that is consistent with all applicable policy statements." United States v. Caves, 73 F.3d 823, 825 (8th Cir. 1996).**7**

IV.

In addition to imposing eleven months confinement, the district court's revocation order in CR-29 stated that the unpaid portions of Johnson's fine and reimbursement costs for his court appointed coun-

_____

**7** We express no opinion on the obligations imposed on the district court by § 3553(c) or on whether it complied with those obligations. Section 3553(c) requires district courts to "state in open court the reasons for its imposition of the particular sentence." See 18 U.S.C. § 3553(c). Johnson argues that the district court erred because it did not demonstrate its compliance with §§ 3584 and 3553(a) on the record. But Johnson did not raise the independent issues accompanying § 3553(c), and we, therefore, will not address them.

sel "remain in effect." Johnson argues that the district court could not reimpose those obligations in the written judgment order revoking Johnson's supervised release when it failed to reimpose them in open court in the revocation hearing. See United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997) (holding that sentence is imposed when the district court orally pronounces it). We find that those obligations existed regardless of the court's statements in the revocation hearing or written order. Their inclusion in the revocation order was nothing more than a reminder and, therefore, was proper.

At the time of the revocation hearing, the district court's original judgments of conviction remained final and binding. In the original judgment of conviction in CR-29, the district court fined Johnson and ordered him to reimburse the government for the costs of his court-appointed counsel. Those obligations survived the revocation of his supervised release. See United States v. Eicke , 52 F.3d 165, 166-67 (7th Cir. 1995). "Reminding him that he still owes the United States this money is not akin to imposing a new fine. No additional punish-ment has been assessed." Id. at 166. Because the district court's revo-cation order imposed no additional punishment, it did not implicate the well-established rule that the sentence orally imposed in open court takes precedence over a later written conflicting order. Accord-ingly, Johnson's challenge fails.

V.

For the reasons stated, the judgments of the district court are affirmed.

AFFIRMED

9