**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 97-4699

MINOR LEE FRAZIER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-74)

Submitted: August 25, 1998

Decided: September 11, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Yvonne T. Griffin, TUCKER & ASSOCIATES, Charlottesville, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Minor Lee Frazier appeals the sentence imposed by the district court as a result of Frazier's guilty plea to a violation of 18 U.S.C. § 922(g) (1994). Frazier pled guilty following his conviction in state court of malicious wounding resulting from Frazier's shooting of Andrew Lewis Watkins. At the time he pled guilty in federal court, he had begun serving the consecutive state terms of ten years on the malicious wounding charge and three years on a related firearms charge. The district court sentenced Frazier to a statutory maximum sentence of 120-months imprisonment. See 18 U.S.C. § 924(a)(2) (1994). The court imposed sixty months of that time consecutive to Frazier's state court sentence. On appeal, Frazier's sole contention is that the district court lacked the authority to mandate that Frazier's federal sentence run partially consecutive to Frazier's state sentence. Because we find that the district court not only possessed the discretion to impose a consecutive sentence, but also that the court exercised that discretion properly, we affirm.

In support of his contention, Frazier relies on the language of U.S. Sentencing Guidelines Manual § 5G1.3(b) (Nov. 1996). Section 5G1.3(b) states that a sentence "shall be imposed to run concurrently to the undischarged term of imprisonment" where the undischarged term of imprisonment resulted from an offense that had been "fully taken into account in the determination of the offense level for the instant offense." Neither party suggests that Frazier's state malicious wounding conviction was not "fully taken into account" in determining the offense level for his federal felon-in-possession charge. Instead, Frazier urges this court to hold that the "shall be imposed" language is mandatory and stripped the district court of its discretion to depart upward from the sentence determined by application of the Guidelines.

2

Contrary to Frazier's position, even where § 5G1.3(b) mandates a concurrent sentence, "the sentencing court is always free to consider an upward departure." United States v. Fuentes, 107 F.3d 1515, 1526 (11th Cir. 1997) (citing 18 U.S.C. § 3553(b) (1994)); see also United States v. Johnson, 138 F.3d 115, 119 n.6 (4th Cir. 1998) (explaining that § 5G1.3 may be reconciled with 18 U.S.C.§ 3584(a) by applying a departure analysis). Accordingly, we need only determine whether the district court abused its discretion in departing upward. See Koon v. United States, 518 U.S. 81, 91 (1996) ("[A]ppellate court[s] should not review the departure decision de novo, but instead should ask whether the sentencing court abused its discretion."); see also United States v. Barber, 119 F.3d 276, 283 (4th Cir. 1997) (noting that the Supreme Court "made clear that it intended to adopt a traditional abuse of discretion standard"), cert. denied , ___ U.S. ___, 66 U.S.L.W. 3355 (U.S., Nov. 17, 1997) (No. 97-6446).

Having determined that criminal history category VI did not adequately represent Frazier's past criminal conduct, the district court concluded that the factor was sufficiently important to justify a departure. See United States v. Wilson, 114 F.3d 429, 433 (4th Cir. 1997). Under USSG § 4A1.3, an inadequate criminal history category is an encouraged ground for upward departure. That section permits an adjustment "when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." Id. The district court found that Frazier's criminal history was considerably more violent than the concurrent sentence required by the Sentencing Guidelines could adequately address. Moreover, the district court correctly considered the fact that not only was Frazier's criminal history excessively violent, but also that Frazier exhibited his violent behavior in the form of shootings, rendering him particularly dangerous to the public. Because Frazier's criminal history did not adequately account for the excessively violent nature of his past criminal behavior, the district court did not rely on an erroneous factual or legal premise in departing from the consecutive sentence mandated by the Guidelines. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Frazier briefly suggests that the district court improperly considered the staggering number of arrests in Frazier's criminal history that did not result in convictions. This claim is belied by the record. At

3

sentencing, the district court specifically noted that it considered only those shootings in the presentence report which resulted in convictions. As a result, there is no evidence of an abuse of discretion in this case.

Consequently, we affirm Frazier's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4