UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                       No. 99-4748

JAMES WALI MUHAMMAD,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                       No. 99-4755

JAMES WALI MUHAMMAD,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Greenville.
W. Earl Britt, Senior District Judge.
(CR-95-42, CR-97-16)

Submitted: June 30, 2000

Decided: July 19, 2000

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

_____


Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, Stephen C. Gor-
don, Assistant Federal Public Defender, Raleigh, North Carolina, for

Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Thomas B. Murphy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Wali Muhammad, formerly known as James Collins, appeals the district court's orders revoking his concurrent terms of supervised release and imposing two consecutive sentences of fourteen months each. Muhammad raises two issues on appeal: (1) the district court erred by failing to comply with 18 U.S.C. § 3584(b)(1994); and (2) the district court violated 18 U.S.C. § 3553(c) (1994) by failing to state its reasons for the sentences imposed. Because Muhammad failed to object to either of his sentences or the manner in which they were imposed, we review his claims for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

Muhammad first contends that the district court erred by not demonstrating on the record that it considered the statutory factors mandated by § 3584(b). Unless some contrary indication exists, this court presumes in non-departure cases that a district court properly considered the pertinent statutory factors. See United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); see also United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). Because Muhammad's sentences involved no departures, this presumption applies unless contrary indications exist. Here, the record does not reveal any such indications. Thus, we find that the district court's failure to expressly state its consideration of the factors mandated by § 3584(b) does not constitute plain error.

Muhammad next contends that the district court violated § 3553(c) by failing to state its reasons for imposing consecutive rather than

2

concurrent sentences. Under § 3553(c), a sentencing court must state in open court the reasons for imposing a particular sentence. This court has previously reserved its opinion on what obligations § 3553(c) imposes on district courts and how district courts can comply with these obligations. See Johnson, 138 F.3d at 120 n.7. Nevertheless, even if the district court's failure to fully explain its reason for imposing consecutive sentences constituted an error that is plain, the failure did not prejudice Muhammad's substantial rights because it did not affect the outcome of the proceedings. See Olano, 507 U.S. at 734-35. Moreover, the alleged error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. See id. at 735-36. Therefore, we find that the district court did not commit plain error warranting correction.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3