**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-7831**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANK R. FATO, SR.,

Defendant - Appellant.

———————————

**No. 04-7900**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANK R. FATO, SR.,

Defendant - Appellant.

———————————

Appeals from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (CR-95-75; CA-01-65-2; CR-90-160; CA-01-64-2)

———————————

Submitted:  April 20, 2005          Decided:  May 2, 2005

———————————

Before LUTTIG and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Frank R. Fato, Sr., Appellant Pro Se. Samuel Gerald Nazzaro, Jr., Assistant United States Attorney, Rita R. Valdrini, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Frank R. Fato, Sr., appeals from the district court's dismissal of his 28 U.S.C. § 2255 (2000) motion. The district court has granted a certificate of appealability. After a review of the record, we affirm.

Fato first contends that his sentence, imposed upon revocation of supervised release and probation, violated the Double Jeopardy Clause and was imposed without jurisdiction. However, because a sentence imposed after the revocation of supervised release is not considered a new punishment, the Double Jeopardy Clause is not implicated. United States v. Pettus, 303 F.3d 480, 487 (2d Cir. 2002); see also United States v. Johnson, 138 F.3d 115, 118-19 (4th Cir. 1998). In addition, the sentencing court was well within its jurisdiction to sentence Fato to a sentence greater than the recommended guideline range. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (sentencing guidelines regarding violations of probation and supervised release are non-binding and advisory).

Next, Fato asserts that the district court improperly decided the case without a hearing. However, because it was clear from the record that Fato was not entitled to relief, no hearing was necessary. See Zettlemeyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991). Finally, Fato contends that the district court judge should have recused himself. This claim is also without merit,

- 3 -

because Fato failed to show any evidence of extra-judicial bias. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED