**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4977**

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

          versus

LAWRENCE MARCELLOUS WILLIAMS, a/k/a Lawrence
Marcell Williams,

                                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., Senior
District Judge.  (CR-99-6)

Submitted:  January 31, 2006          Decided:  February 17, 2006

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton,
Supervisory Assistant Federal Public Defender, Norfolk, Virginia,
for Appellant.  Paul J. McNulty, United States Attorney, James
Ashford Metcalfe, Assistant United States Attorney, Norfolk,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lawrence Marcellous Williams appeals from the district court's order revoking his supervised release and sentencing him to three months imprisonment. We affirm.

Williams pled guilty in 2001 to possession of a stolen firearm and was sentenced to thirty months imprisonment, followed by three years of supervised release. He began serving his term of supervised release on March 7, 2003. On May 17, 2005, a petition to revoke Williams' supervised release was filed based on three alleged violations of the terms of his supervised release: (1) failure to timely submit monthly supervision reports; (2) failure to submit urine samples as instructed by his probation officer; and (3) possession of marijuana based on multiple positive urine screen samples. At the hearing, Williams did not deny that the reports were received late and admitted using marijuana once, but argued that the subsequent tests were the result of residual drugs in his system. In response, the Government presented the testimony of the probation officer, John Grant, who was qualified as an expert--over Williams' objection--to testify as to the length of time marijuana remains in the body. Based on Grant's testimony, the district court concluded that Williams' multiple positive urine screens indicated multiple uses.

At the conclusion of the hearing, the district court sentenced Williams to three months imprisonment, followed by

- 2 -

twenty-one months of supervised release, with the following conditions: (1) three months of home confinement and (2) suspension of all driving privileges, regardless of the status of his license in Virginia.

On appeal, Williams argues first that the district court erred in admitting the testimony of the probation officer as an expert on the issue of how long marijuana remains detectable in the body. This court reviews the admission of expert testimony for an abuse of discretion. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 139 (1997); United States v. Powers, 59 F.3d 1460, 1470-71 (4th Cir. 1995). Expert testimony is admissible under Fed. R. Evid. 702 if it concerns: (1) scientific, technical, or other specialized knowledge, that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 (1993); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999) (extending Daubert's two-prong gatekeeping test to all expert testimony). The first prong of this inquiry examines whether the reasoning and methodology underlying the expert's proffered opinion is reliable. See Daubert, 509 U.S. at 593-95. The second prong of the inquiry requires an analysis of whether the opinion is relevant to the fact at issue. See id. at 591-92, 595. Thus, an expert's testimony is admissible under Rule 702 if it "rests on a reliable foundation and is relevant," Kumho Tire Co., 526 U.S. at 141 (internal quotation marks and citation

omitted), and falls outside the common knowledge of the jury.  See United States v. Dorsey, 45 F.3d 809, 814-15 (4th Cir. 1995).

We find that the district court did not abuse its discretion in overruling Williams' objection to Grant's testimony. Grant detailed his extensive experience and training in drug testing and analysis--specifically, that he has been in charge of the in-house drug testing laboratory for investigation and pretrial services for ten and a half years and received two one-month training courses in drug testing.  Moreover, Williams' admission as to a single use of marijuana alone was sufficient to subject him to a mandatory revocation of his supervised release and exposed him to a term of confinement of twelve to eighteen months.

Second, Williams argues that the district court erred in imposing a new special condition upon revocation of his supervised release that prohibits him from operating a motor vehicle for the duration of the twenty-one month term of supervised release. Because Williams did not object below, review is for plain error. United States v. Olano, 507 U.S. 725 (1993).  We find no error. The condition was imposed as part of Williams' original sentence. Williams did not challenge the condition when it was imposed and may not do so now.  See United States v. Johnson, 138 F.3d 115, 117-18 (4th Cir. 1998) (holding that, in appeal from the revocation of supervised release, this court lacks jurisdiction to examine the sentencing proceeding in which the term of supervised release was

imposed).  In any event, we find no abuse of discretion in the district court's decision to impose this special condition of Williams' supervised release.  See United States v. Dotson, 324 F.3d 256, 259 (4th Cir. 2003) (providing standard of review).  Therefore, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED