**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4040

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BUENERGE DE LA PAZ RUIZ-DIAZ, a/k/a Buenerge
de la Paz Diaz-Ruiz,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:05-cr-00151-1BO)

Submitted:  September 20, 2006       Decided:  October 25, 2006

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Buenerge De La Paz Ruiz-Diaz, a native and citizen of El Salvador, pled guilty to reentering the United States without permission after having been convicted of an aggravated felony and deported in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). The district court sentenced Ruiz-Diaz at the low end of his advisory guideline range to forty-six months in prison and two years of supervised release. On appeal, he contends the court erred in sentencing him to an unreasonably long sentence without considering the factors under 18 U.S.C. § 3553(a) (2000). We affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). A sentence may be unreasonable for both substantive and procedural reasons. United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A sentence within a properly calculated advisory guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This presumption can only be rebutted by showing the sentence is unreasonable when measured against the factors under 18 U.S.C. § 3553(a) (2000). United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), pet. for cert. filed, ___ U.S.L.W. ___ (July 21, 2006) (No. 06-5439).

While a district court must consider the § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). This is particularly the case when the court imposes a sentence within the applicable guideline range. Id. Moreover, a district court's consideration of pertinent factors may be implicit in its ultimate ruling. See United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).

A district court's explanation must be elaborate enough to allow us to effectively review the reasonableness of a sentence. Montes-Pineda, 445 F.3d at 380. The district court's statements should provide some indication that it considered the § 3553(a) factors and the potentially meritorious arguments raised by both parties at sentencing. Id. In determining whether a district court considered the factors and whether it did so properly, we do not evaluate the court's statements in a vacuum but consider the context surrounding those statements. Id. at 381.

At sentencing, Ruiz-Diaz requested a prison sentence below his advisory range; a recommendation for designation either at Butner in North Carolina or near Houston, Texas; and that no fine be imposed. He argued his case was distinguishable from many other illegal entry cases because of the political and living conditions in his native country and the fact that he did not have

- 3 -

an opportunity to take part in the fast-track program available in other districts. He noted there was a civil war in his country when he was a youth and he lived in a one-room hut with no electricity. He requested that the district court take these facts and circumstances into account when arriving at a just and fair sentence. The Government contended that neither the disparity resulting from the fast-track program nor any other factors distinguished Ruiz-Diaz's case from other illegal reentry cases or provided a basis for a sentence below the advisory guideline range.

The district court granted Ruiz-Diaz's requests for a placement recommendation and that no fine be imposed and sentenced him at the low end of his advisory guideline range. While the court did not explicitly reference § 3553 or its factors at sentencing, the court indicated in its written statement of reasons that it found no reason to depart from the range. On appeal, Ruiz-Diaz notes the district court failed to discuss the two main factors he identified in support of a sentence below his advisory range, namely, the much lower sentences that fast-track defendants were receiving and his own personal history and circumstances, or to provide any reasons for the sentence. Thus, he contends it was unreasonable both in its length and the manner it was imposed.

We conclude Ruiz-Diaz has failed to rebut the presumption that his sentence is reasonable when measured against § 3553(a) factors. As we have recently ruled, sentencing disparities between

those defendants receiving and those not receiving fast-track downward departures are "warranted" as a matter of law and do not justify imposition of a below-guidelines variance sentence. United States v. Perez-Pena, 453 F.3d 236, 243, 245 (4th Cir. 2006). Moreover, "[t]he reentry of an ex-felon is a serious offense for which Congress has seen fit to impose a statutory maximum sentence of 20 years," Montes-Pineda, 445 F.3d at 379, and Ruiz-Diaz has not shown that his history and characteristics made him "significantly more deserving of a lower sentence than the typical defendant whose illegal reentry crime produced the [forty-six to fifty-seven month] guideline range." Perez-Pena, 453 F.3d at 245.

We further conclude the district court's failure to reference § 3553 or explicitly state its reasoning at sentencing did not render the sentence unreasonable in this case. It is evident from a review of the record and the court's ultimate sentence that it considered pertinent factors and the potentially meritorious arguments raised by both parties at sentencing. Moreover, the court's statements at sentencing and in its written statement of reasons were elaborate enough for us to effectively review the reasonableness of Ruiz-Diaz's sentence.

Accordingly, we affirm Ruiz-Diaz's conviction and sentence. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
