**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4134

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANNY RAY WELLS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Chief District Judge.  (2:02-cr-00234)

Submitted:  October 31, 2007      Decided:  December 11, 2007

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John R. McGhee, Jr., KAY, CASTO & CHANEY, PLLC, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Ray Wells, formerly a magistrate for Logan County, West Virginia, was convicted of racketeering in violation of 18 U.S.C. § 1962(c) (2000) and sentenced to eighty-seven months in prison, three years of supervised release, and restitution. On appeal, we affirmed Wells's conviction, vacated his sentence, and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). On remand, the district court sentenced Wells to eighty-seven months in prison, three years of supervised release, and restitution. In this appeal, Wells seeks to challenge his conviction again. He further contends his sentence enhancements for both abusing a position of public trust pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.3 (2003) and for vulnerable victims pursuant to USSG § 3A1.1(b)(1) constituted impermissible double counting, and he questions whether the district court adequately considered the factors under 18 U.S.C. § 3553(a) (2000) when sentencing him to the high end of his advisory guideline range. We affirm.

In Wells's prior appeal, he contended the evidence was insufficient for the jury to find him guilty of conduct constituting a pattern of racketeering activity. We rejected Wells's arguments and decided the evidence was sufficient for the jury to find a pattern of racketeering activity beyond a reasonable doubt. In this appeal, Wells seeks to challenge whether the

evidence was sufficient for the jury to find him guilty of conduct constituting racketeering activity with respect to two of the three predicate acts found by the jury. The Government contends the law of the case doctrine precludes Wells from relitigating whether the evidence was sufficient to sustain his conviction. We agree. Because we necessarily decided the evidence was sufficient to find Wells guilty of at least two acts of racketeering activity when deciding it was sufficient to find him guilty of a pattern of racketeering activity, our previous decision established the law of the case. See Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988). Thus, we are precluded from addressing Wells's conviction-related argument unless (1) a subsequent trial or proceeding in the district court produced substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice. Because we find none of these exceptional circumstances present in this case, we do not address Wells's argument.

Wells also challenges his sentence. We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). An error of law or fact can render a sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We

- 3 -

review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

When sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the § 3553(a) factors; (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence, especially a sentence outside the range. Green, 436 F.3d at 455-56. A sentence within a properly calculated guideline range is presumptively reasonable. Id. at 457; see Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption). This presumption can only be rebutted by showing the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

While a district court must consider the § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record, particularly when the court imposes a sentence within the guideline range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). One reason that a sentence within an advisory range is presumptively reasonable is that the most salient § 3553(a) factors are already incorporated into guideline determinations. Id. at 342-43; see also Rita, 127 S. Ct. at 2467 ("where judge and Commission *both* determine that" a

guideline sentence is appropriate, "that sentence likely reflects the § 3553(a) factors"). A district court's consideration of pertinent factors may also be implicit in its ultimate ruling. See United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).

The district court's explanation should provide some indication that it considered the § 3553(a) factors as to the defendant and the potentially meritorious arguments raised by the parties at sentencing. Montes-Pineda, 445 F.3d at 380. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita, 127 S. Ct. at 2468. "Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." Id.

Wells contends that his enhancements for both abusing a position of public trust and for vulnerable victims constituted impermissible double counting. See United States v. Singh, 54 F.3d 1182, 1193 n.7 (4th Cir. 1995). He asserts it was his position as magistrate that put him in contact with criminal defendants and their family members, and there was no evidence he specifically selected particularly vulnerable victims from among them. However, the district court found he specifically selected, from among those

criminal defendants and family members, particularly vulnerable victims who were susceptible to his criminal conduct because they were disadvantaged economically, uncounseled, and uneducated. Because Wells does not challenge this finding, we conclude there was no impermissible double counting.

Finally, Wells questions whether the district court adequately considered the § 3553(a) factors in his case or gave the guideline range undue weight when sentencing him to eighty-seven months. We have reviewed the record and conclude the district court adequately considered the § 3553(a) factors in Wells's case and reasonably determined a sentence at the high end of his advisory guideline range was appropriate.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>