**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4888**

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JAMES HAROLD JAMIE SIMMONS, JR.,

                                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.   (3:07-cr-00327-CMC)

———————————

Submitted:  February 8, 2008        Decided:  March 11, 2008

———————————

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.   Reginald I. Lloyd, United States
Attorney, Anne Hunter Young, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Harold Simmons, Jr., pled guilty to attempting to obstruct, influence, and impede an official proceeding, in violation of 18 U.S.C. § 1512(c) (2000). The district court sentenced Simmons to fifteen months' imprisonment. On appeal, Simmons contends the district court erred by treating the advisory Guideline sentence as presumptively reasonable, failing to consider all of the 18 U.S.C. § 3553(a) factors in determining an appropriate sentence, and imposing an unreasonable sentence. Finding no error, we affirm.

We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Reasonableness review focuses on whether the district court abused its discretion. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). A sentence may be unreasonable for procedural or substantive reasons. Id. "An error of law or fact can render a sentence unreasonable." United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). Assuming the sentence contains no significant procedural errors, we may presume a sentence falling within the Guidelines range to be reasonable. Pauley, 511 F.3d at 473.

When sentencing a defendant, the district court must: (1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. The sentencing court may not presume that the applicable Guidelines range is reasonable, but should explain any deviation from that range. Id.

While a district court must consider the § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record, particularly when the court imposes a sentence within the Guideline range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). One reason that a sentence within an advisory range may be presumed to be reasonable is that the most salient § 3553(a) factors are already incorporated into the Guideline determinations. Id. at 342-43; see also Rita v. United States, 127 S. Ct. 2456, 2467 (2007) ("where judge and Commission both determine that" a Guideline sentence is appropriate, "that sentence likely reflects the § 3553(a) factors"). A district court's consideration of pertinent factors may also be implicit in its ultimate ruling. See United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).

The district court's explanation should provide some indication that it considered the § 3553(a) factors as to the defendant and the potentially meritorious arguments raised by the parties at sentencing.  <u>Rita</u>, 127 S. Ct. at 2468.  "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." <u>Id</u>.  "Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical."  <u>Id</u>.

Simmons challenges the district court's consideration of the Guideline range and the § 3553(a) factors, as well as the sentence that it ultimately imposed.  We have reviewed the record and conclude the district court adequately considered the advisory nature of the Guideline range and the § 3553(a) factors as applied to Simmons' case, and reasonably imposed a sentence that was at the bottom of the Guideline range.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -