**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4108

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

EZEKIEL ELIJAH WILLIAMS, a/k/a Kale,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, Senior District Judge.  (3:06-cr-00004-NKM-6)

Submitted:  October 16, 2014          Decided:  October 30, 2014

Before SHEDD, AGEE, and FLOYD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Rena G. Berry, RENA G. BERRY, Salem, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Ronald M. Huber, Assistant United States Attorney, Sarah Brigham, Third Year Law Intern, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Ezekiel Elijah Williams was sentenced to thirty-seven months of imprisonment for a Grade B violation of his supervised release. We vacate the district court's sentence and remand for resentencing.

We conclude that the district court did not err in declining to recalculate Williams's criminal history category in determining his sentencing range. See U.S. Sentencing Guidelines Manual, § 7B1.4(a) n.*, p.s. (revocation table) ("The criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision."). Any challenge to the original calculation of that category would be untimely. See United States v. Johnson, 138 F.3d 115, 117-18 (4th Cir. 1998).

But, as the parties both agree, the sentencing range itself was miscalculated. A Category IV offender who commits a Grade B violation, as Williams did, is subject to a range of twelve to eighteen months' imprisonment. USSG § 7B1.4(a), p.s. Because sentencing under the wrong Guidelines range constitutes reversible error, even under a "plainly unreasonable" standard, we are constrained to vacate the sentence and remand for resentencing. See United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006) (providing standard of review).

Accordingly, although we affirm the revocation of supervised release, we vacate Williams's sentence and remand for resentencing under the properly calculated Guidelines range. Because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process, we deny Williams's motion for oral argument.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

3