# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1249

_____

United States of America

*Plaintiff - Appellee*

v.

Jerry Ingram

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 13, 2017
Filed: January 26, 2018
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jerry Ingram argues that the district court[1] erred when it revoked his supervised release by not abating a previously imposed fine and by ordering him to pay that fine

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

through the Bureau of Prisons's Inmate Financial Responsibility Program ("IFRP"). For the reasons that follow, we affirm.

In 2011, Ingram was convicted of one count of conspiracy to possess, sell, receive, or dispose of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 371. His sentence included three years of supervised release and a $3,000 fine. On January 19, 2017, Ingram admitted to violating the terms of his supervised release. As a result, the district court revoked his release and sentenced him to twelve months and one day in prison, with no additional term of supervision.

The district court also noted that he had paid only $25 of the original $3,000 fine. Ingram's lawyer asked that the court consider abating the fine because Ingram is indigent, is on social security disability, and likely would be unable to pay. In denying this motion, the district court explained that, "even assuming the Court has the ability to do that without a motion of the government, I don't think that that would be appropriate here." Ingram made no other objections to his revocation sentence. The resulting judgment stated that the remaining $2,975 was due immediately and that "any unpaid financial penalty shall be paid by the defendant during his term [o]f imprisonment at a rate of up to 50% of the defendant's available funds, in accordance with the Inmate Financial Responsibility Program."

Ingram first argues that the district court erred by failing to consider his ability to pay when it ordered him to pay the fine. But the district court merely ordered Ingram to pay the preexisting obligation from 2011 and therefore did not need to consider his ability to pay. *See United States v. Johnson*, 138 F.3d 115, 120 (4th Cir. 1998) ("Reminding him that he still owes the United States this money is not akin to imposing a new fine. No additional punishment has been assessed."); *see also* U.S.S.G. § 7B1.3(d) ("Any . . . fine . . . previously imposed in connection with the sentence for which revocation is ordered that remains unpaid . . . at the time of revocation shall be ordered to be paid . . . .").

Second, Ingram argues that the district court erred in ordering that up to 50 percent of his available funds be paid toward the fine pursuant to the IFRP. He maintains that the district court itself must outline the payment plan and cannot delegate this function. *See United States v. Workman*, 110 F.3d 915, 918-19 (2d Cir. 1997) (holding that 18 U.S.C. § 3572(d) does not allow courts to delegate the scheduling of installment payments for fines to the Bureau of Prisons). We review for plain error because Ingram did not challenge this issue before the district court. *See United States v. Allmon*, 500 F.3d 800, 807 (8th Cir. 2007). As Ingram concedes, we already have decided this question and approved payment of fines through the IFRP. *See, e.g.*, *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *United States v. Turner*, 975 F.2d 490, 498 (8th Cir. 1992). Ingram raises this issue solely to preserve it for possible review by the Supreme Court. As a result, the district court did not plainly err in ordering the unpaid balance be paid through the IFRP.

Accordingly, the district court's judgment is affirmed.

_____