**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4713**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KEVIN JAMAL JONES,

        Defendant – Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, Chief District Judge.  (8:21-cr-00754-TMC-1)

───────────────

Argued:  September 10, 2025               Decided:  October 24, 2025

───────────────

Before DIAZ, Chief Judge, and KING and RICHARDSON, Circuit Judges.

───────────────

Affirmed by published opinion.  Judge King wrote the opinion, in which Chief Judge Diaz and Judge Richardson joined.

───────────────

**ARGUED:**  Howard Walton Anderson III, TRULCUK THOMASON LLC, Greenville, South Carolina, for Appellant.  Elliott Bishop Daniels, OFFICE OF THE UNITED ATTORNEY, Columbia, South Carolina, for Appellee.  **ON BRIEF:**  Adair F. Boroughs, United States Attorney, Winston Irwin Marosek, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

───────────────

KING, Circuit Judge:

In this criminal appeal from the District of South Carolina, defendant Kevin Jamal Jones contests a single special condition of his supervised release. Specifically, Jones asserts that — in Special Condition 10 — the district court unconstitutionally delegated a "core judicial function" related to drug testing to the Probation Office. *See United States v. Ellis*, 112 F.4th 240, 253 (4th Cir. 2024) (recognizing that "a district court violates Article III when it delegates a core judicial function to the probation officer" (citation modified)). Because the plain terms of Special Condition 10 foreclose Jones's appellate contention, we affirm his sentence.

## I.

In November 2021, Jones was indicted by the grand jury in the District of South Carolina on three offenses related to his production and possession of child pornography. Jones pleaded guilty in August 2022 to Count Two of that indictment — that is, the production of child pornography, in violation of 18 U.S.C. § 2251(a). In November 2023, Jones was sentenced to 256 months in prison, followed by a lifetime of supervised release. The terms of Jones's supervised release contain various mandatory and special conditions. In Mandatory Condition 3, the court addressed its authority to order drug testing:

> You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

2

*See* J.A. 119.[1]  Also relevant is Special Condition 10, which provides the foundation for Jones's appeal:

> You must submit to substance abuse testing to determine if you have used a prohibited substance.  You must contribute to the cost of such program not to exceed the amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

*See Id.* at 118.  During his sentencing proceedings, Jones did not object to Special Condition 10.  In this appeal, however, he contests Special Condition 10 as an unconstitutional delegation of a core judicial function to the Probation Office.[2]

## II.

Because Jones failed to object to Special Condition 10 in the sentencing proceedings before the district court, we can review his appellate contention for plain error only.  *See United States v. White*, 405 F.3d 208, 215 (4th Cir. 2005).  As we have recognized, "four conditions must be met to correct plain error:  there must be (1) an error, such as a deviation from a legal rule; (2) the error must be plain; (3) it must affect substantial rights; and (4) it must seriously affect the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Ubakanma*, 215 F.3d 421, 429 (4th Cir. 2000) (citation modified).

---

[1] Citations herein to "J.A. ___" refer to the contents of the Joint Appendix filed by the parties in this appeal.

[2] Jones rightly raises his challenge to a condition of supervised release in this direct appeal of his sentence. *See United States v. Johnson*, 138 F.3d 115, 118 (4th Cir. 1998).

3

III.

Jones contends that the district court plainly erred because determining the number of drug tests to which he can be subjected is a core judicial function that Special Condition 10 unconstitutionally delegates to the Probation Office. *See* Br. of Appellant 4 (arguing that because Special Condition 10 "sets no limit on the number of tests that the U.S. Probation Office can require," its imposition was plain error and violates Jones's "substantial rights to be sentenced by an Article III judge"). At oral argument, however, counsel for the government argued, and counsel for Jones agreed, that Special Condition 10 can be properly read to address only how payment is to be made for the court-mandated testing in Mandatory Condition 3. *See* Oral Argument at 2:05, 14:50, *United States v. Jones*, No. 23-4713 (Sept. 10, 2025), https://www.ca4.uscourts.gov/OAarchive/mp3/23-4713-20250910.mp3. Further, the lawyer for Jones acknowledged that, so read, Special Condition 10 does not delegate any discretion to the Probation Office to determine the number of drug tests to which Jones will be subjected and thus does not present an unconstitutional delegation problem. *Id*. at 40:47.[3]

We share the parties' agreed-upon interpretation of Special Condition 10. As a result, Jones's challenge fails on the first prong of the plain error analysis, for lack of an

---

[3] Jones's lawyer also agreed that insofar as Special Condition 10 addresses only payment for court-mandated testing, the district court may lawfully delegate that authority to supervise payment for such testing. *See* Oral Argument at 3:10, *United States v. Jones*, No. 23-4713 (Sept. 10, 2025), https://www.ca4.uscourts.gov/OAarchive/mp3/23-4713-20250910.mp3; *see also United States v. Williams*, 130 F.4th 177, 187 (4th Cir. 2025) (explaining that probation officers may "fill in certain details[]" and undertake "administrative supervisory responsibilities" so long as the "district court establish[es] the broad principles of [the defendant's] special conditions").

error.  Special Condition 10's plain terms establish that it governs not the *number* of drug tests to be ordered, but rather the facilitation of *payment* for those drug tests ordered by the district court.  Nowhere in Special Condition 10 is any authority delegated to the Probation Office to determine anything related to drug testing.  Mandatory Condition 3, however, unambiguously states that Jones must submit to, "as determined *by the court*," at least three drug tests while on supervised release.  *See* J.A. 119 (emphasis added).

Special Condition 10 thus adds to Mandatory Condition 3 and establishes that, when Jones submits to such court-mandated testing, he "must contribute *to the cost*" of the testing program, not to exceed amounts determined reasonable by the Probation Office's court-approved Sliding Scale for Services.  *See* J.A. 118 (emphasis added).  We see the foregoing as the ordinary, commonsense reading of the relevant conditions:  discretion over the total number of drug tests to be administered is reserved to the district court in Mandatory Condition 3, and Special Condition 10 in no way says otherwise.  *See United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1994) (explaining that "conditions of probation can be written — and must be read — in a commonsense way").

Although our decision today is based upon the unambiguous language of Special Condition 10, along with Mandatory Condition 3, the concessions and agreement of the able lawyers at oral argument serve to cement our analysis.  Because that interpretation forecloses any argument that the district court unconstitutionally delegated a core judicial

5

function to the Probation Office, we cannot conclude that the court erred — much less

plainly erred — in imposing Special Condition 10.[4]


IV.

Pursuant to the foregoing, we reject Jones's appellate contention regarding Special

Condition 10 and affirm his sentence.

*AFFIRMED*

---

[4] We acknowledge the government's motion to dismiss the appeal based upon the appeal waiver in Jones's plea agreement with the United States Attorney. In the circumstances of this appeal, however, we are satisfied to reject Jones's appellate contention on the merits, affirm his sentence, and deny the motion to dismiss as moot.