**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4999

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

UNDER SEAL,

Defendant - Appellant.

No. 06-5000

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

UNDER SEAL,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge.

Submitted: February 14, 2008          Decided: March 4, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

———————————

John L. Machado, LAW OFFICE OF JOHN L. MACHADO, Washington, D.C., for Appellant. Barbara S. Skalla, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Appellant pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000) and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2000). Appellant was sentenced to 135 months' imprisonment for each offense, to run concurrently. Finding no error, we affirm.

On appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but contending that Appellant's sentence was unreasonable. Appellant was advised of his right to file a pro se supplemental brief, but he did not do so, and the Government elected not to file a responsive brief.

There is no merit to Appellant's contention that his sentence is unreasonable. We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Reasonableness review focuses on whether the district court abused its discretion. United States v. Pauley, _ F.3d ___, 2007 WL 4555523 at *5 (4th Cir. Dec. 28, 2007). A sentence maybe unreasonable for procedural or substantive reasons. Id. An error of law or fact can render a sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied,

126 S. Ct. 2309 (2006). We review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). Assuming the sentence contains no significant procedural errors, we may presume a sentence falling within the Guideline range to be reasonable. Pauley, 2007 WL 4555523 at *4.

When sentencing a defendant, the district court must: (1) properly calculate the Guideline range; (2) determine whether a sentence within that range serves the § 3553(a) factors in light of the arguments presented by the parties; (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007). The sentencing court may not presume that the applicable Guideline range is reasonable, but should explain any deviation from that range, providing correspondingly stronger justification in relation to the degree of variance from the Guideline range. Id.

While the sentencing court must consider the § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record, particularly when the court imposes a sentence within the Guideline range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). One reason that a sentence within an advisory range may be presumed to be reasonable is that the most salient § 3553(a) factors are already

incorporated into the Guideline determinations. <u>Id</u>. at 342-43; <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2467 (2007) ("where judge and Commission <u>both</u> determine that" a Guideline sentence is appropriate, "that sentence likely reflects the § 3553(a) factors"). A district court's consideration of pertinent factors may also be implicit in its ultimate ruling. <u>See</u> <u>United States v. Johnson</u>, 138 F.3d 115, 119 (4th Cir. 1998); <u>United States v. Davis</u>, 53 F.3d 638, 642 (4th Cir. 1995).

The district court's explanation should provide some indication that it considered the § 3553(a) factors as to the defendant and the potentially meritorious arguments raised by the parties at sentencing. <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." <u>Rita</u>, 127 S. Ct. at 2468. "Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." <u>Id</u>.

Here, the district court appropriately calculated the Guideline range, considered the § 3553(a) factors, and imposed a sentence at the lowest end of the Guideline range. Therefore,

under the standards expressed above, Appellant's sentence is reasonable.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Appellant requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Appellant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>