**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4805

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC ODELL GADSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (4:05-cr-00055-FL)

Submitted: February 14, 2008      Decided: March 10, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant. Anne M. Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Eric Odell Gadson pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113 (a) and (d) (2000), and using, carrying, or possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). The district court sentenced Gadson to 188 months' imprisonment for the armed bank robbery conviction and to the statutory minimum of 300 months' imprisonment, to run consecutive to any other term of imprisonment, for the firearm conviction. Gadson noted a timely appeal.

On appeal, counsel filed an Anders[1] brief, in which he states there are no meritorious issues for appeal. Nevertheless, he raises the following issues: (1) whether the district court erred in finding Gadson was competent to face the charges against him; (2) whether the district court erred in accepting Gadson's guilty plea; (3) whether Gadson's sentence is reasonable; and (4) whether Gadson received ineffective assistance of counsel. Gadson was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

Counsel first questions the district court's determination that Gadson was competent to face the charges against him. After receiving Gadson's mental health evaluation and the

---

[1] Anders v. California, 386 U.S. 738 (1967).

psychologist's recommendation that Gadson was competent, the district court further questioned Gadson. Based on this information, it determined Gadson was competent to face the charges against him. We find no clear error in this ruling. See United States v. Robinson, 404 F.3d 850, 856 (4th Cir. 2005) (stating standard of review and providing standard for competency determination).

Counsel further questions the validity of Gadson's guilty plea. Because Gadson did not move in the district court to withdraw his plea, this court reviews the challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Counsel does not specify any deficiencies in the district court's Rule 11 inquiry, and our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy that assured Gadson's plea was made both knowingly and voluntarily.

Counsel also raises the issue of the reasonableness of Gadson's sentence. We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Reasonableness review focuses on whether the district court abused its discretion. United States v. Pauley, _ F.3d ____, 2007 WL 4555523 at *5 (4th Cir. Dec. 28, 2007). A sentence may be unreasonable for procedural or substantive reasons. Id. An error of law or fact can render a sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). Assuming the sentence contains no significant procedural errors, we may presume a sentence falling within the Guidelines range to be reasonable. Pauley, 2007 WL 4555523 at *4.

When sentencing a defendant, the district court must: (1) properly calculate the Guideline range; (2) determine whether a sentence within that range serves the § 3553(a) factors in light of the arguments presented by the parties; (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007). The sentencing court may not presume that the applicable Guidelines range is reasonable, but should explain any deviation

from that range, providing correspondingly stronger justification in relation to the degree of variance from the Guidelines range. Id.

While a district court must consider the § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record, particularly when the court imposes a sentence within the Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). One reason that a sentence within an advisory range may be presumed to be reasonable is that the most salient § 3553(a) factors are already incorporated into the Guideline determinations. Id. at 342-43; see also Rita v. United States, 127 S. Ct. 2456, 2467 (2007) ("where judge and Commission both determine that" a Guideline sentence is appropriate, "that sentence likely reflects the § 3553(a) factors"). A district court's consideration of pertinent factors may also be implicit in its ultimate ruling. See United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).

The district court's explanation should provide some indication that it considered the § 3553(a) factors as to the defendant and the potentially meritorious arguments raised by the parties at sentencing. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily

require lengthy explanation." <u>Rita</u>, 127 S. Ct. at 2468. "Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." <u>Id</u>.

Our review of the record reveals no procedural errors in the district court's calculation of the Guidelines range and its consideration of the § 3553(a) factors. Gadson's 188-month sentence for the armed robbery conviction is at the bottom of the applicable Guidelines range and below the statutory maximum. Gadson's sentence of 300 months' imprisonment for his § 924(c) conviction is the mandatory minimum statutory sentence because Gadson had previously been convicted under that statute. <u>See</u> 18 U.S.C. § 924(c)(1)(C)(I). Therefore, under the standard articulated above, we find that his sentence was reasonable.

Lastly, counsel questions whether Gadson received effective assistance of counsel during the proceedings in district court. Claims of ineffective assistance are not cognizable on direct appeal unless the record conclusively establishes it. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective assistance of counsel should be brought in a 28 U.S.C. § 2255 (2000) motion. <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir.

- 6 -

1997).  Because the record does not conclusively establish that Gadson received ineffective assistance of counsel, we decline to consider this claim on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>