<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4451**
_____

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

   v.

JAMES PATRICK MONDELL,

       Defendant – Appellant.

_____

**No. 10-4457**
_____

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

   v.

JAMES PATRICK MONDELL,

       Defendant – Appellant.

_____

**No. 10-4458**
_____

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

   v.

JAMES PATRICK MONDELL,

Defendant – Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Greenville; Rock Hill; Charleston. Henry M. Herlong, Jr., Senior District Judge. (6:09-cr-01078-HMH-1; 0:05-cr-00174-HMH-2; 2:04-cr-00109-HMH-2)

_____

Submitted: November 18, 2010       Decided: January 14, 2011

_____

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Guy J. Vitetta, Daniel Island, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Mondell appeals the forty month, twenty-four month, and thirty-three month consecutive sentences imposed following his guilty plea to one count of bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2006), and two supervised release violations. Counsel for Mondell filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether the district court erred when it imposed consecutive, rather than concurrent, sentences. Finding no reversible error, we affirm the conviction and sentence.

As counsel for Mondell advocated within-Guidelines sentences without asking for the sentences to run concurrently, we review Mondell's sentence for plain error. See United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010) (unpreserved sentencing errors reviewed only for plain error). In reviewing a sentence, we begin by examining the record for significant procedural error. Gall v. United States, 552 U.S. 38, 51 (2007). If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Where, as here, a defendant is sentenced to multiple terms of imprisonment at the same time, the district court may order that the

sentences run concurrently or consecutively. 18 U.S.C. § 3584(a) (2006); see also United States v. Johnson, 138 F.3d 115, 118-19 (4th Cir. 1998). In determining whether the terms will run concurrently or consecutively, the district court must consider the 18 U.S.C. § 3553(a) (2006) factors. 18 U.S.C. § 3584(b).

We hold that the district court did not err when it imposed consecutive sentences. The court explicitly considered the § 3553(a) factors, specifically emphasizing Mondell's extensive criminal history, his exceedingly high criminal history category, and the need for deterrence. The imposition of consecutive sentences was well within its discretion under 18 U.S.C. § 3584(a). Because there was no error, we need not determine whether the error was plain. A review of the record reveals that the district court did not commit any other sentencing errors. Therefore, we hold that the district court imposed a reasonable sentence.

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. Consequently, we deny Mondell's motion for an extension of time in which to file a pro se supplemental brief. This court requires that counsel inform Mondell, in writing, of the right to petition the Supreme Court of the United States for further review. If

Mondell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mondell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED