**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4666**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CURTIS MARCUS HARGROVE,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:01-cr-00298-WO-1)

Submitted: February 1, 2011    Decided: March 1, 2011

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Marcus Hargrove received an aggregate thirty-seven month term of imprisonment following the revocation of his supervised release. Hargrove's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating his opinion that there are no meritorious issue for appeal but raising the issue of whether Hargrove's consecutive terms of imprisonment were reasonable. Hargrove was notified of his right to file a pro se supplemental brief, but has not filed a brief. The Government has declined to file a responsive brief. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439) (applying "plainly unreasonable" standard of review for probation revocation). Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the

2

second step of the analysis to determine whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 438-39.

Here, counsel questions whether the sentence was unreasonable because Hargrove was sentenced to multiple terms of imprisonment that were to run consecutively instead of concurrently. However, counsel correctly notes that where, as here, a defendant is sentenced to multiple terms of imprisonment at the same time, the district court may order that the sentences be run concurrently or consecutively. 18 U.S.C. § 3584(a) (2006); see also United States v. Johnson, 138 F.3d 115, 118-19 (4th Cir. 1998) ("[W]e hold that the district court had the authority to impose consecutive sentences upon Johnson when it revoked his supervised release."). In determining whether the terms will run concurrently or consecutively, the court must consider the § 3553(a) factors. 18 U.S.C. § 3584(b) (2006).

In Hargrove's case, the court considered all of the requisite statutory and Guidelines factors. The court cited the seriousness of Hargrove's violations and the proximity to his release as its reasons for imposing its chosen sentence. We conclude that this reasoning is sound and that the sentence was both procedurally and substantively reasonable. Accordingly, we affirm the district court's judgment.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Hargrove, in writing, of the right to petition the Supreme Court of the United States for further review. If Hargrove requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hargrove.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>