**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-5098

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRODERICK DALE NELSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:04-cr-00082-FDW-DSC-1)

Submitted: June 30, 2011                     Decided: July 5, 2011

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Broderick Dale Nelson, Jr., appeals the district's court's imposition of a twenty-four month consecutive sentence following revocation of his supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in revoking Nelson's supervised release, and whether it abused its discretion in ordering the sentence to run consecutive to the sentence Nelson had already received for the underlying conduct. Counsel concludes, however, that the district court did not abuse its discretion by revoking Nelson's term of supervised release as it was required to do so pursuant to 18 U.S.C. § 3583(g)(2) because Nelson possessed a firearm. Counsel also concludes that the district court did not abuse its discretion in imposing the consecutive twenty-four month sentence because it thoroughly considered the appropriate 18 U.S.C. § 3553(a) (2006) factors in deciding to do so. Nelson was informed of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a responsive brief. We affirm.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). In

2

cases where, as here, a defendant possessed a firearm while serving a term of supervised release, revocation is mandatory. 18 U.S.C. § 3583(g)(2). Our review of the record leads us to conclude that the district court properly revoked Nelson's term of supervised release, as he admitted to the violation charging him with possessing a firearm.

We next review Nelson's sentence. We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a sentence is plainly unreasonable, we must first consider whether the sentence imposed is unreasonable. Id. at 438. In making this determination, this Court follows "the procedural and substantive considerations that [it] employ[s] in [its] review of original sentences." Id. at 438. In this inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" so. Id. at 657.

Under 18 U.S.C. § 3584(a), "if a term of imprisonment is imposed on a defendant who is already subject to an

3

undischarged term of imprisonment, the terms may run concurrently or consecutively." <u>United States v. Johnson</u>, 138 F.3d 115, 118-19 (4th Cir. 1998) ("[W]e hold that the district court had the authority to impose consecutive sentences upon Johnson when it revoked his supervised release."). In determining whether the terms will run concurrently or consecutively, the district court must consider the 18 U.S.C. § 3553(a) factors. Our review of the record leads us to conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This Court requires that counsel inform Nelson, in writing, of the right to petition the Supreme Court of the United States for further review. If Nelson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nelson. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED