**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

No. 12-4269

―――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

WILLIAM JAMES MORRISON, III,

        Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:10-cr-00025-RLV-DCK-1)

―――――――

Submitted: December 28, 2012     Decided: January 15, 2013

―――――――

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William James Morrison, III, was charged in a one-count indictment with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). The jury found Morrison guilty. At sentencing, Morrison was designated an armed career criminal, subject to a fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e) (2006). Based on a total offense level of 33, and a criminal history category of VI, Morrison's Guidelines range was determined to be 235-293 months of imprisonment. The court imposed a sentence at the bottom of the Guidelines range—235 months. Morrison noted a timely appeal.

On appeal, Morrison argues that the district court erred in denying his motion to suppress, that his conviction violates his rights under the Second Amendment, and that the district court erred at sentencing in failing to address the factors enumerated in U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3 (2011). We affirm.

We review the district court's factual findings relevant to a motion to suppress for clear error, and its legal determinations de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). The facts are reviewed in the light most favorable to the prevailing party below. United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007). When the district

2

court has denied a suppression motion, this Court "construe[s] the evidence in the light most favorable to the government." Kelly, 592 F.3d at 589. This court "defer[s] to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted).

Morrison argues that Adkins lacked justification for the initial traffic stop. However, because Morrison failed to raise this claim in the district court, it is reviewed only for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993). To establish plain error, a defendant must show that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 732. Even if the defendant demonstrates plain error, this court will exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted). We find that Morrison cannot show plain error, let alone any error, with respect to the denial of his motion to suppress.

The "decision to stop an automobile is reasonable when police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810

3

(1996).  Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the vehicle. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). If an officer observes a traffic offense or other unlawful conduct, he is justified in stopping the vehicle regardless of his subjective intent or any other "ulterior motive [he] may have for making the traffic stop."  United States v. Digiovanni, 650 F.3d 498, 506 (4th Cir. 2011).

At the hearing on Morrison's motion to suppress, the Government presented the testimony of Trooper Kyle Adkins of the North Carolina State Highway Patrol.  Adkins testified that on July 16, 2009, while sitting in his marked patrol car, he observed the vehicle driven by Morrison make an abrupt U-turn and head in the opposite direction.  His suspicion aroused, Adkins began following the vehicle, and noticed that it "had a very old, dirty, it was rolled up, it was a paper plate which is a 30-day registration. The whole tag was very weathered.  Had mud on the side of it.  Was rolled up.  Was unreadable.  At that point I initiated a traffic stop based on his registration." According to Adkins, "[s]oon as I got to the back door, the window, I noticed a rectangular black gun case was sitting in the rear of his – it was a four-door vehicle.  It was sitting in the rear seat of his vehicle, as well as another smaller gun in the back floorboard behind the driver seat."  Morrison stated

4

that the guns belonged to his brother. After running a check on Morrison's license and registration, Adkins discovered that Morrison's driver's license had been revoked, the 30-day plate that was on the vehicle was registered to a different vehicle, and the vehicle had no insurance, all in violation of North Carolina law. Adkins ordered the vehicle towed, allowing Morrison to choose the towing company; shortly after the vehicle was towed away, Adkins learned that Morrison was a convicted felon. Adkins proceeded to the tow lot, where he found Morrison standing between the vehicle and another car—a purple vehicle driven by a woman identified as Morrison's sister. Adkins noticed the black rectangular shotgun case that had been in the back of Morrison's vehicle was now in the purple vehicle, and the trunk of Morrison's vehicle was open. In the trunk, in plain view, were two assault rifles. In all, Adkins recovered four firearms from Morrison's vehicle. Adkins placed Morrison under arrest for possession of the firearms.

Contrary to Morrison's assertion that Adkins' observation of the U-turn was the "only activity" that factored into his decision to initiate the stop, the evidence established that the condition of the tag was unreadable and therefore questionable, thus providing Adkins with objective, sufficient justification to stop the vehicle. Accordingly, we find that

5

the traffic stop was valid and the district court did not plainly err in denying Morrison's motion to suppress.

Next, Morrison contends that the provisions of 18 U.S.C. § 922(g)(1), as applied to him, violate the Second Amendment. Relying heavily on the Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 570 (2008), Morrison argues that § 922(g)(1)'s prohibition violates his Second Amendment right to keep and bear arms. In light of our recent decisions in United States v. Moore, 666 F.3d 313 (4th Cir. 2012) and United States v. Smoot, 690 F.3d 215 (4th Cir. 2012), we find Morrison's claim to be without merit.

Finally, Morrison argues that the district court erred at sentencing by failing to account for an undischarged state sentence. Specifically, Morrison asserts that the court did not consider USSG § 5G1.3 in deciding whether to impose his federal sentence concurrently with, or consecutively to, a lengthy state sentence he is serving.

This court reviews a sentence for reasonableness under deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review includes both procedural and substantive components. Id. A sentence is procedurally reasonable where the district court committed no significant procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the

6

Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks and citation omitted).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

7

Under 18 U.S.C. § 3584 (2006), a district court is required to consider the factors in 18 U.S.C. § 3553(a) when deciding whether to impose concurrent or consecutive prison terms for a defendant who is already subject to an undischarged term of imprisonment.* Section § 3553(a)(5) requires the court to consider "any pertinent policy statement," which in this case was USSG § 5G1.3(c).

Morrison argues that the district court abused its discretion by failing to consider the § 5G1.3(c) factors when imposing his federal sentence. With respect to the district court's consideration of USSG § 5G1.3(c), we ordinarily review legal questions concerning the application of the Sentencing Guidelines de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). However, because Morrison failed to raise this issue in the district court, review is only for plain error. United States v. Rouse, 362 F.3d 256, 260 (4th Cir. 2004). We find that he has not demonstrated error by the district court under either a de novo or plain error standard of review.

---

* USSG § 5G1.3(c), which is designated as a policy statement, provides that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

8

A district "court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling." United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (dealing with the district court's alleged failure to consider Guidelines policy statements when revoking a defendant's supervised release).

Here, although the court did not specifically discuss USSG § 5G1.3 at sentencing, the court was clearly aware that Morrison was serving a lengthy state sentence. In addressing Morrison's argument that the prosecution had engaged in "sentencing manipulation," by permitting the state to prosecute and sentence him prior to his sentencing on the current charge, the court stated that "all the government did was . . . permit him to be taken over to state custody for the disposition of those charges. That does not seem to be a matter of sentence manipulation." Moreover, absent a "contrary indication," a sentencing court is presumed to have considered the factors enumerated in 18 U.S.C. § 3553(a) in a non-departure case. United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998).

Accordingly, we affirm Morrison's conviction and sentence. We dispense with oral argument because the facts and

9

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED