**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4587**

_____

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

WILLIE DOUGLAS MASSEY,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:00-cr-00038-WO-1)

_____

Submitted: April 30, 2013          Decided: May 8, 2013

_____

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Noah Clements, THE CLEMENTS FIRM, Washington, D.C., for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Douglas Massey appeals from the twenty-month sentence imposed after the district court revoked his supervised release. Massey was sentenced to two concurrent terms of 112 months of imprisonment and three years of supervised release following a conviction for one count of possession of a firearm by a convicted felon ("Count One"), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and one count of possession of an unregistered firearm ("Count Three"), in violation of 26 U.S.C. § 5861(d) (2006). The twenty-month revocation sentence was comprised of six months related to Count One of the original judgment of conviction and fourteen months related to Count Three of the original judgment, to be run consecutively.

On appeal, Massey argues that his original judgment did not include two concurrent terms of supervised release and that, even if it had, revocation was mandatory under 18 U.S.C.A. § 3583(g) (West Supp. 2012) for both in 2011—at the time of his first revocation of supervised release. He therefore contends that there was not an additional eighteen months of supervised release available for Count Three. The Government counters that the law at the time of Massey's original sentencing required supervised release terms to be run concurrently for each count of conviction receiving a sentence of over one year, that the court is permitted to impose consecutive sentences for violation

2

of supervised release, and that the court retained its ability to impose a sentence for Count Three at the 2011 and 2012 revocation sentencings.

Massey failed to object in the district court on the grounds that he asserts on appeal. Therefore, his claim is reviewed for plain error. See United States v. Bennett, 698 F.3d 194, 199 (4th Cir. 2012), cert. denied, 133 S. Ct. 1506 (2013). We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439) (applying "plainly unreasonable" standard of review for probation revocation). Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the

3

advisory policy statement range based upon Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

Here, Massey contends that his sentence was procedurally unreasonable because he was sentenced to two terms of imprisonment that were to run consecutively instead of concurrently. We conclude that the district court committed no procedural error in imposing its sentence. The Government correctly notes that at the time of Massey's original sentencing in 2000, the Sentencing Guidelines were mandatory and the court was required to impose a term of supervised release on every count that carried a sentence of more than one year. See U.S. Sentencing Guidelines Manual § 5D1.1(a) (1999). Further, a review of the sentencing transcript reveals that the court intended a term of supervised release to follow each count.

4

Where a defendant is sentenced to multiple terms of imprisonment at the same time, the district court may order that the sentences run concurrently or consecutively upon revocation of supervised release. 18 U.S.C. § 3584(a) (2006); see also United States v. Johnson, 138 F.3d 115, 118-19 (4th Cir. 1998) ("[W]e hold that the district court had the authority to impose consecutive sentences upon Johnson when it revoked his supervised release."). In determining whether the terms will run concurrently or consecutively, the court must consider the § 3553(a) factors. 18 U.S.C. § 3584(b) (2006).

Here, not only did Massey fail to object to the computation of his sentence at the second revocation sentencing currently on review, he also did not object to the district court's reimposition of an eighteen-month term of supervised release on Count Three at the 2011 revocation sentencing. Much of Massey's argument pins itself to the contention that the court erred in assessing the second term of supervised release at the 2011 revocation. However, Massey did not object at the time or note an appeal from the judgment order. He cannot now attempt to argue error by the district court in 2011 when he sat on his rights at the time and failed to appeal.

Moreover, the district court complied with the statutory requirements and explicitly stated that it considered the §§ 3553 and 3583 factors in determining Massey's sentence.

5

As its reasoning for imposing the chosen sentence, the court cited the seriousness of Massey's own admission of distribution of crack cocaine eight days after he began his term of supervised release, Massey's consistent positive tests for cocaine throughout the supervision process, the close proximity of the violation to his release, and the substantial need to protect the public and deter Massey and others similarly situated. In light of the district court reasoning and the highly deferential standard of review, we conclude that the district court did not err in imposing its sentence as the sentence was neither procedurally nor substantively unreasonable, much less plainly so.

We therefore affirm the district court's order revoking supervised release and imposing a term of imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED