**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4668**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVIN JAN-MICHAEL ZIMMERMAN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:09-cr-00115-CCE-1)

———————

Submitted: May 26, 2016           Decided: May 31, 2016

———————

Before TRAXLER, Chief Judge, and NIEMEYER and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Todd Allen Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davin Jan-Michael Zimmerman appeals the 30-month sentence imposed upon revocation of his term of supervised release. The revocation sentence reflected a term of 18 months' imprisonment upon the revocation of supervision on Counts 1, 2, 6, and 7 of his original sentence and a consecutive 12 months' imprisonment upon the revocation of supervision of Count 3 of his original sentence. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence imposed was reasonable. Zimmerman was advised of his right to file a pro se supplemental brief, but he did not file one. We affirm.

We will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. Id. at 438.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, id. at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. United States v. Thompson,

595 F.3d 544, 547 (4th Cir. 2010).  A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum.  Crudup, 461 F.3d at 440.  If, based on this review, the appeals court decides that the sentence is not unreasonable, it should affirm.  Id. at 439.

In the initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than when we apply the reasonableness review to post-conviction Guidelines sentences.  United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).  Only if we find the sentence unreasonable must we decide whether it is "plainly" so.  Id. at 657.

Although counsel questions whether there is any error rendering Zimmerman's sentence plainly unreasonable, he identifies no such error.  The district court properly calculated the Policy Statement range and sentenced Zimmerman to 30 months' imprisonment, a sentence within the Policy Statement range and below the statutory maximum.  18 U.S.C. § 3583(e)(3) (2012); U.S. Sentencing Guidelines Manual § 7B1.4(a); see United States v. Johnson, 138 F.3d 115, 118-19 (4th Cir. 1998) (upholding consecutive revocation sentences).  Our review of the record leads us to conclude that Zimmerman's sentence is not plainly unreasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform Zimmerman, in writing, of the right to petition the Supreme Court of the United States for further review. If Zimmerman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Zimmerman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>