**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4287**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MARLON DANILLO VIERA, a/k/a Marlon Caranza-Dera,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:15-cr-00377-F-1)

_____

Submitted: December 28, 2016       Decided: January 6, 2017

_____

Before TRAXLER, KEENAN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Based on Marlon Danillo Viera's guilty plea to illegal reentry, the district court revoked his supervised release for a prior offense and sentenced him to 10 months' imprisonment. The court ordered Viera to serve his revocation sentence consecutive to his 30-month sentence for illegal reentry. Viera appeals, arguing that the district court erred when it ordered the revocation sentence to run consecutively. For the reasons that follow, we affirm.

We will affirm a revocation sentence if it falls within the applicable statutory maximum and is not "plainly unreasonable." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). Under this standard, we first determine whether the sentence is procedurally or substantively unreasonable. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). In doing so, "we strike a more deferential appellate posture than we do when reviewing original sentences." Padgett, 788 F.3d at 373 (internal quotation marks omitted). "Only if we find the sentence unreasonable must we decide whether it is plainly so." Webb, 738 F.3d at 640 (internal quotation marks omitted).

A revocation sentence is procedurally reasonable if the district court considered the policy statements in Chapter Seven of the Sentencing Guidelines Manual, the policy-statement range,

and the applicable 18 U.S.C. § 3553(a) (2012) factors. <u>Padgett</u>, 788 F.3d at 373; <u>see</u> 18 U.S.C. § 3583(e) (2012). A revocation sentence is substantively reasonable if the district court identified a proper basis for its sentence. <u>United States v. Crudup</u>, 461 F.3d 433, 440 (4th Cir. 2006). We presume reasonable a sentence within the applicable range. <u>Padgett</u>, 788 F.3d at 373.

Here, the district court imposed a reasonable revocation sentence. Upon revoking Viera's supervised release, the district court considered the appropriate factors under Chapter 7 and § 3553(a) and sentenced Viera to a sentence within the policy-statement range. The court also identified a proper basis for the sentence based on Viera's pattern of illegal conduct while under supervised release. Moreover, contrary to Viera's contention, the court did not err by imposing a consecutive sentence for the supervised release violation merely because the same conduct provided the basis for a separate criminal conviction. <u>See</u> <u>United States v. Johnson</u>, 138 F.3d 115, 118 (4th Cir. 1998). Because the district court imposed a reasonable revocation sentence, we decline to overturn it on appeal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED