**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4390**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN STATTS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:05-cr-00024-1)

Submitted:  October 31, 2019                     Decided:  November 25, 2019

Before MOTZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Rhett H. Johnson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Kathleen Robeson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, of Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Statts pled guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (2012) (Count 2), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2012) (Count 6). The district court sentenced Statts to 84 months in prison followed by 6 years of supervised release on Count 2 and 60 months in prison followed by 5 years of supervised release on Count 6. The district court specified that Statts' terms of imprisonment were to run consecutively while his terms of supervised release were to run concurrently.

Statts completed his term of incarceration and began to serve his supervised release. Following his conviction for negligent homicide and driving while impaired, Statts admitted to violating the conditions of his supervised release. The district court revoked Statts' supervised release and sentenced him to an aggregate term of 24 months' imprisonment, consisting of 12 months each on Counts 2 and 6, to be served consecutively. Statts now appeals, asserting that his aggregate revocation sentence is plainly unreasonable because it is longer than necessary to achieve the goals of supervised release. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "must determine whether the sentence is procedurally or substantively unreasonable," evaluating the same general considerations employed in review of original sentences. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). We will affirm a revocation sentence if it is within the applicable statutory maximum and not plainly unreasonable. *United States v.*

2

*Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." *Id*.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Slappy*, 872 F.3d at 207 (footnotes omitted). The revocation "sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed," up to the statutory maximum. *Id*. (alteration and internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted). Finally, a district court has the authority "to impose consecutive rather than concurrent sentences upon revocation of concurrent terms of supervised release." *United States v. Johnson*, 138 F.3d 115, 119 (4th Cir. 1998) (alteration and internal quotation marks omitted).

Having reviewed the parties' briefs and the record, we conclude that the district court relied on appropriate factors and adequately justified the selected sentence, which was within the statutory maximums. Statts' aggregate 24-month sentence is not unreasonable and, therefore, not plainly so. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*